UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ULTRACHEM, LLC | CIVIL ACTION NO. 23-cv-998 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| ZAROTECH S.A. de C.V. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Ultrachem, LLC, a Louisiana company, filed an open account suit in a Louisiana state court against Zarotech, S.A. de C.V., a Mexican corporation with its principal place of business in McAllen, Texas. Zarotech removed the case based on diversity jurisdiction and filed a Motion to Dismiss (Doc. 17) on the grounds that the court lacks personal jurisdiction over Zarotech. For the reasons that follow, it is recommended that the motion to dismiss be granted and this civil action be dismissed without prejudice for lack of personal jurisdiction.

**Due Process Requirement**

Where jurisdiction is grounded on diversity jurisdiction, a federal court may exercise personal jurisdiction over a non-resident defendant if the forum state's long-arm statute confers personal jurisdiction over that defendant and if the exercise of jurisdiction satisfies the requirements of due process. McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009). The Louisiana long-arm statute extends as far as is permitted by due process. Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640, 652 (5th Cir. 2002). Due process allows

a court to exercise personal jurisdiction over a non-resident only if (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Admar Int'l, Inc. v. Eastrock, L.L.C., 18 F.4th 783, 786 (5th Cir. 2021).

**Relevant Facts; Burden on Plaintiff**

On a pretrial motion where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true, and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co., 921 F.3d 522, 539 (5th Cir. 2019); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff a prima facie showing of jurisdiction. Travelers Indemnity Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986). If the plaintiff satisfies that minimal standard, he must still prove the jurisdictional facts at trial or through hearing by a preponderance of the evidence before he may obtain relief on the merits against the non-resident. Id.; Felch v. Transportes Lar-Mex, 92 F.3d 320, 326 (5th Cir. 1996).

**Ultrachem's Petition**

Ultrachem's state-court petition alleges that it conducts business in Shreveport and that Zarotech is a Mexican corporation with its principal place of business in McAllen, Texas "but which conducted business in Shreveport, Louisiana all times pertinent herein." Ultrachem alleged that it "performed services for and sold goods to" Zarotech on credit. Ultrachem made written demand for payment but received only "some partial payments"

on the balance. When suit was filed, the balance due was $87,925.20. Attached to the petition is a simple statement that reflects payments and the balance due, as well as a UPS delivery notification regarding a shipment from Michigan to Zarotech in McAllen.

**The Affidavits**

    **A. Zarotech; Mr. Villareal**

Zarotech's motion is supported by an affidavit from Francisco Villarreal, who testifies that he is the sole owner of Zarotech and was the only person who represented the company in telephone conversations and emails with Ultrachem. Mr. Villarreal states that he "never visited Louisiana for any reason related to Zarotech's contract with Ultrachem," and all communications with Ultrachem were done remotely, using telephone or email, while he was in either Mexico or McAllen.

Mr. Villarreal testifies that Zarotech does not have a registered agent for service in Louisiana, does not maintain a place of business in Louisiana, has never employed Louisiana residents, owns no property in Louisiana, and has never paid taxes or solicited business in Louisiana. He generally denies that Zarotech has ever engaged in business, trade, or commerce in Louisiana. Mr. Villarreal asserts, without explaining, that the "contract between Zarotech and Ultrachem was to be performed in Mexico, not Louisiana." He adds a similar conclusory assertion that the "breach of contract Zarotech alleges occurred in Mexico, not Louisiana."

Zarotech's memorandum includes additional facts about the nature of the product that was sold, how the product was allegedly deficient, and assertions that Zarotech was damaged by the deficiency. To the extent such facts might be relevant to the jurisdictional

analysis, the court cannot consider them because "allegations in a lawyer's brief or legal memorandum are insufficient, even under the relatively relaxed prima facie standard, to establish jurisdictional facts." Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001), quoted in Wise v. Wal-Mart Stores E., LP, 2019 WL 3769624 (N.D. Miss. 2019).

### B. Ultrachem; Mr. Windham

Ultrachem responded by backing its petition with a declaration from Dustin Windham that he made pursuant to 28 U.S.C. § 1746. Mr. Windham does not explain his role with the company or how he has personal knowledge of the relevant facts, but presumably he is a principal or employee of Ultrachem who played some role in the transaction. He states under penalty of perjury that Zarotech "initiated contractual negotiations with Ultrachem at its business location in Shreveport" that resulted in Zarotech "issuing its own Purchase Order to Ultrachem in Louisiana." The Purchase Order is a short, one-page letter from Mr. Villarreal, written on behalf of Zarotech, that is addressed to Ultrachem in Shreveport and (in Spanish) orders 46,000 kg of Ultrachem's product to be delivered to a Zarotech location in Mexico. Mr. Windham states that, in return, Zarotech agreed to timely pay Ultrachem but made only partial payment.

Mr. Windham states that Ultrachem and Zarotech "conducted business in Louisiana on a routine basis" until Zarotech unilaterally stopped payment. He states that Zarotech, when it made payment, processed its payments electronically to Ultrachem's bank account at B1 Bank in Shreveport, Louisiana. The payments that were made totaled $43,950. Ultrachem asserts that it has, due to nonpayment of the remaining balance of $87,925.20, "been damaged in Louisiana."

**Analysis**

One means of satisfying the due process standard is to show a basis to exercise *general* personal jurisdiction over the defendant. A court may assert general personal jurisdiction over foreign corporations and hear any and all claims against them "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1558 (2017) (quotation omitted). A corporation it is at home at (1) its place of incorporation and (2) its principal place of business. Seville v. Maersk Line, Limited, 53 F.4th 890, 895 (5th Cir. 2022). It is uncontested that Zarotech is a Mexican corporation with its principal place of business in Texas. Ultrachem does not argue that there is a basis for the exercise of general personal jurisdiction over Zarotech in Louisiana.

The second way to satisfy due process is to show a basis for the exercise of *specific* personal jurisdiction over the defendant. Specific jurisdiction may arise when a defendant's minimum contacts with a forum state are related to the pending lawsuit. E. Concrete Materials, Inc. v. ACE Am. Ins. Co., 948 F.3d 289, 296 (5th Cir. 2020). The Fifth Circuit applies a three-prong analysis that considers (1) whether the defendant has minimum contacts with the forum, (2) whether the plaintiff's cause of action arises out of or result from the defendant's forum-related contacts, and (3) whether the exercise of personal jurisdiction is fair and reasonable. Seville, 53 F.4th at 895. The plaintiff has the burden to establish the first two prongs. Id. "If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a 'compelling case' that the assertion of

jurisdiction is not fair or reasonable." Carmona v. Leo Ship Mgmt., Inc., 924 F.3d 190, 193 (5th Cir. 2019).

The Fifth Circuit has held in factually similar cases that a defendant did not have minimum contacts with the forum state. It is well established that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir.1986). And the Fifth Circuit "has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 344 (5th Cir. 2004).

In Freudensprung, a suit filed in Texas, the Court considered that defendant WWAI (a Panamanian corporation) contracted with Texas-based OTSI, initiated and contemplated a long-term business relationship with OTSI, communicated with OTSI concerning the development and execution of a contract, and wired money to OTSI in Texas. Despite those connections related to the claim at issue, the Court held: "Our thorough review of the record and pertinent authorities convinces us that these limited contacts with the forum state were insufficient to support the exercise of specific jurisdiction over WWAI" in Texas. Id. at 344. The significance of WWAI's contacts with Texas was "severely diminished" by the fact that the contract stated that it was governed by English law and

(relevant here) contemplated the supply of personnel to WWAI for projects in Africa, meaning it was to be "performed" in Africa rather than Texas. Id. at 345.

Other decisions in which the plaintiff did not make out a prima facie case for specific jurisdiction include Libersat v. Sundance Energy, Inc., 978 F.3d 315, 322 (5th Cir. 2020) (no specific jurisdiction in Louisiana over nonresident defendants that assumed a contract with a Louisiana resident, sent division orders to Louisiana, sent checks to Louisiana, and engaged in written communications with the Louisiana plaintiffs); Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 433 (5th Cir. 2014) (no specific jurisdiction in Texas over Cayman bank that opened an account with a Cayman company through that company's Texas director, sent wire transfers to Texas, and had telephone calls with the Texas director); Brammer Eng'g, Inc. v. E. Wright Mountain Ltd. P'ship, 307 Fed. Appx. 845 (5th Cir. 2009) (no specific jurisdiction in Louisiana over Texas defendant that contracted with a Louisiana company to drill a well in Texas and owed for the service, the defendant had related communications with Louisiana, and defendant requested related records from Louisiana; performance was centered in Texas where the well was drilled); Holt Oil & Gas Corp, 801 F.2d at 778 (no specific jurisdiction in Texas over nonresident defendant where defendant entered into a contract with a Texas resident, sent an agreement and checks to Texas, and engaged in extensive telephonic and written communication with the plaintiff in Texas); Stuart v. Spademan, 772 F.2d 1185, 1192-94 (5th Cir. 1985) (no specific jurisdiction in Texas where nonresident defendant contracted with Texas residents, directed letters and phone calls to Texas, shipped prototypes and products to Texas, negotiated a contract with plaintiffs that was to be governed by Texas law, and marketed

his product in Texas); and Hydrokinetics, Inc. v. Alaska Mech., Inc., 700 F.2d 1026, 1029 (5th Cir. 1983) (no specific jurisdiction in Texas over Alaska company that agreed to purchase goods that it knew were to be manufactured by a Texas company in Texas, but no performance by the Alaska company was to take place in Texas "other than perhaps the payment for the goods").

Ultrachem has not demonstrated, either through the uncontested allegations in its petition or its evidence, that Zarotech had sufficient contacts with Louisiana related to the claim at issue to satisfy due process and allow the exercise of personal jurisdiction. The defendant's contacts with the forum in each of the Fifth Circuit decisions cited above were equal to or greater than Zarotech's contacts with Louisiana, but personal jurisdiction was found lacking in each of those cases. For similar reasons, personal jurisdiction over Zarotech is lacking in this case.

Ultrachem has made broad and conclusory assertions that Zarotech "conducted business in Louisiana on a routine basis" and that it "conducted business in Shreveport, Louisiana all times pertinent herein." Those assertions have limited weight due to their lack of factual explanation. "[T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 869 (5th Cir. 2001). Furthermore, any business connections Zarotech has with Louisiana that are not related to the open account claim asserted in this lawsuit are irrelevant to specific jurisdiction. Libersat, 978 F3d at 320.

**Jurisdictional Discovery**

Ultrachem urges in footnote 1 of its memorandum that, if the court finds Ultrachem has not met its burden, it should be allowed to conduct jurisdictional discovery to investigate jurisdictional facts. As plaintiff, Ultrachem bears the burden of demonstrating the necessity of jurisdictional discovery. Monkton Ins. Servs. Ltd., 768 F.3d at 434. A plaintiff is not entitled to such discovery when the record shows that it is not likely to produce the facts needed to withstand a motion to dismiss. "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." Kelly, 213 F3d at 855, quoting Wyatt v. Kaplan, 686 F.2d 276, 283 (5th Cir. 1982). A district court has "broad discretion" regarding whether to allow jurisdictional discovery. Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 855 (5th Cir. 2000).

"The party seeking jurisdictional discovery must make clear which specific facts he expects discovery to find." IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist., __ F.4th __, 2023 WL 6151640, *5 (5th Cir. 2023) (internal quotations omitted). Ultrachem has not made such a showing. In Kelly, the Fifth Circuit affirmed a district court's denial of jurisdictional discovery where the requesting party did not describe the discovery it contended should have been allowed, what facts it hoped to obtain from such discovery, or how the discovery would produce information that would support specific jurisdiction over the defendant. This case presents the same situation. Ultrachem does not suggest what discovery it would pursue or what facts might be uncovered that might reasonably allow it to meet its burden, which would be difficult given the Fifth Circuit decisions cited above where jurisdiction was found lacking in similar circumstances. The

best exercise of the court's broad discretion in these circumstances is to not grant leave to conduct jurisdictional discovery.

**Conclusion; Dismiss or Transfer?**

Where a court lacks personal jurisdiction, it may dismiss the action or, if it is in the interest of justice, shall transfer the action to any district in which the case could have been brought. Franco v. Mabe Trucking Co., Inc., 3 F.4th 788, 795-796 (5th Cir. 2021); Herman v. Cataphora, Inc., 730 F.3d 460, 466 (5th Cir. 2013); 28 U.S.C. § 1406(a) and § 1631. Zarotech states that its principal place of business is in McAllen, Texas, so it appears that the Southern District of Texas can exercise general jurisdiction over the company and that the district would be a proper venue under 28 U.S.C. § 1391.

Ultrachem has not asked that venue be transferred in the event the court finds that it lacks personal jurisdiction over Zarotech. Transfer can help avoid limitations issues that may arise when a suit is dismissed without prejudice and then refiled in another forum. But Ultrachem might prefer, under the circumstances, to file a new suit in a Texas state court (even though removal could again result), and the federal court cannot transfer venue to a state court. Or Ultrachem may elect to not pursue the claim if it must do so in a forum other than Louisiana. If Ultrachem desires a transfer to the Southern District of Texas, it should include in any objections that it files to this report and recommendation (1) a clear request for transfer and (2) a showing that such a transfer is in the interest of justice. Otherwise, this civil action should be dismissed without prejudice.

Accordingly,

It is recommended that Zarotech's Motion to Dismiss (Doc. 17) be granted and that this civil action be dismissed without prejudice for lack of personal jurisdiction over the defendant.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of October, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge